**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

KIMBERLY SWALLOW,

*Plaintiff*,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

*Defendants.*

---

### COMPLAINT

---

Plaintiff, Kimberly Swallow ("Ms. Swallow"), by and through her counsel, McDermott Law, LLC, for her Complaint against Defendant Unum Life Insurance Company of America, states, alleges, and avers as follows:

### PRELIMINARY ALLEGATIONS

1. This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction based on a federal question is predicated under these code sections as well as 28 U.S.C. § 1331. This action is brought to recover benefits under the terms of employee benefit plans, to enforce Plaintiff's rights under the terms of employee benefit plans, and to clarify Plaintiff's rights to future benefits under the plans. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement of the benefit plans at issue herein, and attorneys' fees and costs.

2.      During all relevant timeframes, Plaintiff was an employee of Parkview Medical Center, Inc. ("Parkview") and worked within the judicial boundaries of the District of Colorado.

3.      As an employee of Parkview, Plaintiff is and was a covered "participant" in the Parkview Medical Center Inc. Welfare Benefit Plan ("Plan"), as those terms are defined by 29 U.S.C. § 1002(7) and (8).

4.      The Plan included (among other benefits) a long-term disability ("LTD") income replacement benefit insured by Group Insurance Policy Non-Participating, Policy No. 908794 002 ("Policy").

5.      The Plan constitutes an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

6.      The Policy was issued in Colorado on January 1, 2017, and identifies the governing jurisdiction as Colorado.

7.      Defendant Unum Life Insurance of America ("Unum") is the insurer of benefits under the Policy, and Unum acted in the capacity of a claim administrator.

8.      Unum is a Maine Corporation and is registered with Corporation Service Company and conducts business in the state of Colorado.

9.      Pursuant to the terms and conditions of the Plan and the Policy, Plaintiff is entitled to long-term disability ("LTD") benefits for so long as Plaintiff remains disabled according to the terms of the Plan and Policy.

10.     Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

### FIRST CLAIM FOR RELIEF
**Claim for Relief Under ERISA § 502(a)(1)(b) and 29 USC § 1132(a)(1)(b)**

11.     Plaintiff incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

2

12.    During Plaintiff's employment and while she was covered under Policy, Plaintiff became entitled to LTD benefits because she suffered a disability rendering her "disabled" as defined by the Policy.

13.    Plaintiff ceased work on September 1, 2019 due to a cerebrospinal fluid lead that caused idiopathic intracranial hypertension affecting her ability to work.

14.    On May 19, 2020, Unum approved Ms. Swallow's claim for LTD benefits retroactively to February 28, 2020, because she was unable to perform the material and substantial duties of her Regular Occupation.

15.    On August 3, 2020, Unum recommended the approval of Ms. Swallow's life insurance waiver of premium claim under the "any gainful occupation" definition of disability, because Unum determined "[h]er [symptoms] are completely incapacitating, affecting mentation and physical ability to work, unknown duration."

16.    From August 12, 2020 through June 15, 2021, Unum reviewed Ms. Swallow's LTD claim four times and continued to approve her benefits because there was no sustainable improvement noted.

17.    Unum performed another review to determine whether Ms. Swallow would meet the Policy's Gainful Occupation definition of disability which became effective as of February 28, 2022. The review concluded, "[Employee] reports daily headaches with ongoing treatment supports limited in sustained functional capacity absent additional functional information or change in treatment regimen." Unum continued to pay LTD benefits to Plaintiff.

18.    Unum performed a seventh claim review in August of 2022 and concluded, "Likely guarded for [any occupation] ongoing to [self-reported symptoms] limit (2/27/23) given duration thus far without significant improvement in [headaches]."

19.    On January 18, 2023, the Social Security Administration found that the evidence

demonstrated that there was a sufficient, medically determinable basis for an impairment that prevented Ms. Swallow from engaging in any substantial activity because her physical impairments were of such severity that she was not only unable to do her previous work, but could not, considering her age, education and work experience, engage in any other kind of substantial gainful work which existed in the national economy.

20.     Unum **terminated** Ms. Swallow's claim by letter dated March 2, 2023, claiming her migraines were self-reported and limited to a 36-month benefit period.

21.     According to the Policy, "Self-Reported Symptoms means the manifestations of your condition which you tell your physician, that are not verifiable using tests, procedures or clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include, but are not limited to headaches, pain, fatigue, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy."

22.     On December 6, 2023, in full compliance with 29 U.S.C. § 1133, Ms. Swallow, with the assistance of the undersigned counsel, timely submitted the ERISA-mandated internal appeal to Unum providing evidence proving that Ms. Swallow suffered from spontaneous intracranial hypotension. This diagnosis was secondary to a cerebrospinal fluid (CSF) leak at the level of the spine and the resulting loss of CSF volume that bathes the brain and spinal cord.

23.     Objective findings that confirmed the spontaneous intracranial hypotension due to CSF venous fistula included a Dynamic CT myelogram findings consistent with small left C7-T1 CSF fistula.

24.     On January 30, 2024, Unum sent Ms. Swallow a copy of its medical records reviewer's report and vocational review and provided her with an opportunity to submit a response.

25.     On February 14, 2024, Ms. Swallow provided Unum with additional medical records, her treatment provider's rebuttal to Unum's medical records review, and a response to Unum's

vocational review.

26.    Unum provided Ms. Swallow with its medical records reviewer's addendum on February 28, 2024.

27.    On March 1, 2024, Ms. Swallow posed the following questions to Unum in order to obtain clarification as to the additional material or information necessary for her to perfect her claim:

- What is Unum's rationale?
  - Is Unum's rationale that benefits are not payable due to the self-reported symptoms limitation?
  - Is Unum's rationale that benefits are not payable because Ms. Swallow's headaches and migraines no longer prevent her from performing any Gainful Occupation?
- What additional material or information is necessary to perfect the claim?
  - Please let us know if Unum approves the costs of the neuropsychological evaluation, so we may move forward with scheduling the same.
- Why is Unum weighing the medical records reviewer's opinions over those of the treatment providers?
  - We again ask that Unum provide a detailed explanation of why you, the decisionmaker, would choose to credit one doctor's opinion over another, supported by reference to the relevant factors
- Will Unum produce the Claims Manual relied upon in rendering the decision?
- Will Unum agree to an extension?

28.    Unum's March 7, 2024, response letter indicated that Unum would not provide additional claims manual documents, would not agree to pay for a neuropsychological evaluation, and would not agree to an extension of time. The other questions posed were unanswered.

29.    Unum refused to provide Ms. Swallow with an extension of time to submit additional evidence, forcing her to submit partial responses to the Unum medical records review on March 7th and 12th, 2024.

30.    Despite the objective and clinical evidence proving her disability was not the result of a Self-Reported Symptom, Unum erroneously and wrongfully continued to uphold its denial of the Plaintiff's LTD claim on March 21, 2024.

31.    The life insurance policies (No. 908794 and 908795) do not contain a Self-Reported

Symptoms limitation. Unum continues to provide life insurance coverage without the payment of a premium, because it agrees that Ms. Swallow's medical conditions prevent her from performing the duties of any gainful occupation.

32. Defendant Unum breached the terms of the Plan and Policy. Furthermore, the Defendant violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan and Policy;

(b) Failing to provide a prompt and reasonable explanation of the bases relied on under the terms of the Plan and Policy for denying Plaintiff's claim for LTD benefits;

(c) After Plaintiff's claims were terminated, Unum (in violation of ERISA) failed to adequately describe the additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) Failing to adequately and in good faith investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claims properly and adequately;

(e) Failing to consider all medical records and opinions from Plaintiff's medical providers;

(f) Elevating the opinions of its non-treating record reviewers over those of Plaintiff's treating medical providers;

(g) Failing to engage in a meaningful dialogue with Plaintiff and her treating medical providers;

6

(h) Cherry-picking medical records that favored its self-interested adverse benefit determinations;

(i) Ignoring the verifiable tests, procedures or clinical examinations standardly accepted in the practice of medicine that confirmed Plaintiff's condition was not a Self-Reported Symptom; and

(j) Placing its financial interests ahead of Plaintiff's interests.

33. Plaintiff alleges that Defendants wrongfully denied her LTD benefits by other acts or omissions not alleged in this Complaint, but which may be found in the record or discovered in this litigation.

34. Following the denial of her LTD benefits, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations required of her under the Plan and Policy.

35. Plaintiff has satisfied all conditions precedent to receive LTD benefits coverage under the Policy.

36. As of the filing of this Complaint, Defendant has wrongfully withheld LTD benefits from Ms. Swallow since February 27.

37. Defendant's wrongful withholding of Ms. Swallow's LTD benefits has caused her to experience significant harms and losses – both economic and non-economic.

38. Defendant's adverse benefit determinations have compelled Ms. Swallow to institute litigation to recover benefits and coverage owed to her under the Policy.

39. As a direct and proximate result of Unum's adverse benefit determinations, Plaintiff has been required to incur attorneys' costs and fees in pursuing this action for the LTD benefits owed under the respective Policy. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

40.    Defendant's acts and omissions have created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights and to clarify her right to future benefits under the terms of the Plan and Policy.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.    Declare that Plaintiff is entitled to LTD benefits under the terms of the Plan and Policy;

2.    Order Defendant to pay all past-due LTD benefits owed under the Plan and LTD Policy from the date they became payable through the life of such benefits together with interest (both statutory and moratory) on each monthly payment from the date it became due;

3.    Order Defendant to pay Plaintiff's costs of suit, including reasonable attorneys' fees under ERISA § 502(g);

4.    Such other and further relief this Court deems just and proper.

Respectfully submitted this 18th day of April 2024,

_s/ MarySusan Kern_
MarySusan Kern
MCDERMOTT LAW, LLC
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
_marysue@mcdermottlaw.net_

Plaintiff's Address
130 33rd Lane
Pueblo, CO 81006